### *Anna E. Purcell v. (Village) Riverside.

1. UPON SUBSTITUTION OF CIRCUIT FOR DISTRICT COURT.

Section 454 *d* Rev. Stat., requiring a new bond within thirty days upon the circuit court being substituted for district courts, is within the power of the legislature, under the constitutional amendment by which the circuit court was organized, to enact.

2. MAY BE ALLOWED AFTER 30 DAYS.

The word "may" as used in said section will not be construed "must" and the court may allow the bond after thirty days.

SMITH, J.

In this case a motion has been filed by the appellee, the defendant, that the appeal of the case hitherto made be vacated, and the action dismissed, or for such other judgment as may be proper, on the ground that the plaintiff, the appellants, failed within thirty days from February 9, 1885, to give the additional bond provided for by sec. 454*d* of the act of April 14, 1884, 81 O. L. 171. The appellant admits that such additional bond was not so filed, but she asks the court to allow her to do so *now*.

We are advised that there are quite a number of cases on our docket, which stand, so far as this question is concerned, in precisely the same condition, and counsel, in these various cases, have presented their views to us, and the decision made in this case, of course will apply to the others, which stand in the same condition.

The question which is submitted is, whether in such case this court has any *discretion* as to the course to be pursued—that is, does this Sec. 454*d* make it obligatory on the court, on motion filed and notice given, to proceed as if no appeal bond had ever been given in the case—that is, to strike it from the docket as for want of jurisdiction to proceed further, and to render no judgment for costs, or for anything else? For this is what must be done in a case in which an appeal bond is necessary, and where it is brought upon the docket of the appellate court, when in fact no bond at all had been given. Or in other words, is the provision

---

*This case and the succeeding one were published in the Bulletin, but appear now, in the Circuit Court Reports, for the first time. See Trader *v*. Sale, *post* 654.

of the statute that, "on failure to give such bond, as required, upon motion filed and notice given, the circuit court *may* proceed in such action or proceeding as if no bond had ever been given," mandatory; and must the word *may* have the meaning of the word *shall*—and it be held that only the one thing is to be done by the court?

Some discussion has been had as to the effect on this question of the amendment to the constitution, by which the circuit court was organized—that is whether the legislature had the *power* to make a law of this kind. That amendment provides that "the circuit court shall be the successors of the district courts and all cases, judgments, records and proceedings pending in said district courts, in the several counties of any district, shall be transferred to the circuit court in the several counties and be proceeded in as though said district courts had not been abolished." And it is argued, that as under this provision cases pending in the district courts on February 9, 1885, were actually transferred to the circuit courts, which thereby acquired jurisdiction of them, the legislature could not pass a law depriving such courts of jurisdiction, to have and determine them.

Clearly this is so to a certain extent—the legislature could do nothing to impair or nullify this jurisdiction of the circuit court. And yet we are of the opinion that it had the right to provide for and regulate the modes of procedure therein and to say what steps in this regard should be taken by the court and parties in specified cases, just so far as might have been done, if there had been no change in the constitution of the courts. For instance, we suppose that it would have been within the power of the legislature to provide, that in all cases pending at a given time on appeal in the common pleas, or in the district court (if it had not been abolished) or in the circuit court, the party appealing should, within a reasonable time to be fixed, give a new appeal bond, or one with a different condition from the old, and that in default the case should be dismissed. If this be so, the same power would exist in the legislature to pass *this* law.

But does this statute make it obligatory on the courts to dismiss or strike the case from the docket, on failure to give the bond as required? Or may the court give further time for that purpose?

A majority of the court is of the opinion that it has such a discretion. That it could not have been the intention of the lawmakers to lay down so harsh a rule —one so opposed to the mild and wise provisions of statutes which provide for cases substantially similar, and which, if carried out to the letter, as is claimed it should be, will greatly prejudice many persons, who, through want of knowledge of the law, or from inadvertance, it may be, have failed to comply with its requirements. No construction, which would work such results, should be adopted, and it can reasonably be avoided.

It is to be noted that the law recognizes the fact that the suit is pending in the court after the expiration of the thirty days and of the failure to give bond; and that the court has power to *act in the case*—and this is what constitutes jurisdiction. It provides for a motion and notice of it to the adverse party. If it is obligatory on the court to dismiss the action, or strike it from the docket, where is the necessity of notice to the other party? The records of the court itself will disclose the fact that no additional bond was filed; and if the construction claimed by some be correct, there is but one course to pursue, and nothing that the opposing party can say or do can have any effect on that action. Yet the statute provides for such notice to him, and it would seem to follow that it was for a purpose that he was entitled to be heard, and show cause why the court should not exercise the discretion and have the court adjudicate upon the motion.

We are aware of the general rule urged by counsel for the motion, that "whenever a statute directs the doing of a thing for the sake of justice or the public good, the word may is the same as shall."

But we think it equally clear that if there be anything in the statute itself, construed according to the settled rules of interpretation, which shows that such

was not the intention of the legislature and that a different meaning ought to be placed upon it, it will be done, and such seems to us the case here.

The object of the law, we think, is manifest. In view of the decision of the supreme court in Myers v. Parker, 6 O. S., 501, that a bond for an appeal to the supreme court of a county, given at a time when there was no such court, cannot be construed as an appeal to the district court of such county, and that a surety on such bond cannot be held liable on a judgment by the latter court; the legislature sought by this statute to protect the interest of *appellees*, by requiring the appellant to file a bond, conditioned on the judgment of the circuit court, and to give that court the power to enforce it. If the thirty days were allowed to elapse and no bond was given, this, we think, did not oust the court of jurisdiction. If no motion was filed to require the bond to be put in, or that the case be dismissed, court could proceed with the case, as if the bond had really been given—in such case the appellee might well rely on the individual responsibility of the appellant, and be willing to trust to that even if he believes the bond before given to be invalid, and he ought to have this option. If he is *unwilling* to do this he may apply to the court for a dismissal of the case, which, we think, may be granted; or, at the discretion of the court, the appellant be ordered to file an amended bond, under the penalty of dismissal on failure to comply with the order. If the appellant should file a new bond, the object of the law is accomplished, and no substantial right of the appellee is prejudiced, though it was not done within the thirty days after February 9th.

This being the probable object and purpose of the law, it should be looked at and construed in the light of and with reference to this purpose.

It is a settled rule of construction, that "the words of a remedial statute, are to be construed *largely and beneficially*, so as to suppress the mischief and advance the remedy." And further, "that acts *in pari materia*, and relating to the same subject, are to be construed together, because they are considered as having one object in view, and acting on one system."

For many years past, and up to this time we have had statutes which expressly provide, that in cases pending in the district court or (circuit court now) on appeal, in which the bond is insufficient, in *form or amount*, the court in which it pends, might order a change or renewal, or a new bond to be given, and on that being done, the case should stand in the court, and not be dismissed. This clearly shows that the policy of the law-making power is, that mere technical defects or errors in perfecting an appeal should not operate to prevent substantial justice, or deprive parties of a re-trial of their case in the appellate court; and that they should be allowed to correct any such error ; and there is certainly as strong a reason that such lenity should be exercised in this kind of a case as in any other ; and it must be presumed, we think, in the absence of strong evidence to the contrary, that such was the legislative intent, and that a wise and wholesome rule, which has acted so beneficially in the past, in cases nearly analagous, would not, as to a particular class of cases, be supplanted by a harsh and oppressive one, and one which will result, as it seems to us, in great hardships, and leave the rights of parties in an exceedingly doubtful condition.

Suppose it be true that the court must, against the wish both of the appellant and appellee, or of either of them, strike the case from the docket, without any judgment, or even dismiss it at the costs of the appellant—What is the result ? If there be no judgment in the circuit court, what becomes of the case itself? There *was* a valid judgment in the common pleas, but the giving of the bond and the filing of the transcript in the district court suspended or vacated that judgment. Does it revive or become pending again, when the case is stricken from the docket by the circuit court ? We know not how this can be. It is not a case where an appeal bond was actually filed, and consequently the attempted appeal was a nullity, and the court above acquired no jurisdiction, and the judgment below remained unaffected.

But in the case, supposed it would seem that if the action itself were dismissed, or the case stricken from the docket, it would have to be presented *de novo*—unless there be some provision of the statute or the law with which we are not familiar, that would make the suspended or vacated judgment again operative. And if this be true the granting of a motion to dismiss by an appellee, in an action *brought by himself*, might result most disastrously to him.

But we think that there is authority in our own state which justifies us in holding that the word *may* even in statutes affecting the remedy and the rights of suitors, is not *always* to have the meaning of *shall*. In Sifford v. Beaty, 12 O. S., 193, the court held that " where a statute provided that in an action against a sheriff for the recovery of property taken under execution and replevined by the plaintiff, in such action the court *may*, upon application of the defendant, and of the party in whose favor the execution issued, *permit* the latter to be substituted as the defendant, that there was conferred upon the court a legal discretion to grant or refuse the application." Thus holding that in a general statute affecting the remedy, the word may is not always to be read as if it were *shall*—that is that *may permit* does not mean *shall permit*. There is another view of this case which we think worthy of notice. The appeal bonds in this, and in all of these cases, we believe, are in conformity with Sec. 5231, Rev. Stat.—that is, the condition was, that the party appealing " shall abide and perform the order and judgment of the *appellate court*, and shall pay all money, costs and damages, which may be required of, or awarded against him by *such court*. It was *not in terms*, conditioned upon the judgment or order of the district court. It is a matter of doubt with us whether such a case is one, where, under this statute, it is *essential* that an additional bond be given—and on this theory, that by the constitution and the law the circuit court is now as to these cases the appellate court. And there is strong reason to believe that the obligors on such bond are bound for any judgment or decree rendered in the circuit court.

In Sharp v. Bedell, 10th Ill. (5th Gilman) 88, the court holds substantially that if an appeal bond contains a condition that the appellant is to abide the judgment of a particular court, naming it, and the case is afterwards removed from that court to another of like jurisdiction, on a change of venue, and there decided, that the surety is *not liable* for the judgment there rendered, for the reason that he had contracted to be bound only by the judgment *of a particular court*. But the court say that if the bond had been given in the language of their statute, that is to abide the judgment of the court, he would have been bound by the judgment rendered.

If this be good law, it seems to us the same result will follow here. And as the legislature has only provided for the giving of an additional bond, where, by its terms the original bond was conditioned upon the judgment of the district court, (which is not the case here) the doubt arises whether in such case the giving of a new bond is required. As to this we express no decided opinion at this time, but on the whole case as it stands before us, we are unwilling to put such a construction on this statute, as we think will necessarily lead to so much doubt and uncertainty and be so injurious to the rights of parties.

The presiding judge entertains a different opinion as to the power of the court, in cases like this, and thinks the better course would be to dismiss one of these cases, that the question might thus be speedily settled by the Supreme Court. On account of this difference of opinion, and recognizing the doubt which exists, we have hesitated in reaching the conclusion announced, and express opinion with diffidence.

But we have thought that it would be impolitic and unjust to require some one of these parties to have his case dismissed and thus be put to the expense and trouble of a litigation in the Supreme Court, for the benefit of others—for that court might well say, even if the views of the majority of the court be sustained as to their being a discretion conferred by the statute, yet it might also say that the discretion has been exercised to dismiss, and that in such case the party

is without remedy. We have therefore thought that if our views on this question be erroneous, yet we prefer to err in adopting that construction, which seems to us most in accordance with the settled policy of our statutes in like cases, and which will more nearly accomplish substantial justice.

Judge Cox has heretofore stated in open court that if on an examination of this question it should appear to us, that the court had the discretion to allow the additional bond to be now given, that we should be strongly inclined to allow it to be done in every case, on the theory that if a person has appealed a case to the district court, it was in all probability because he believed he had rights, which should be asserted there, and that he ought to be allowed so to do, if he will now file the additional bond. Such is still our view of the matters; but we do not say that there might not be a case where it would be proper to exercise the discretion to dismiss which we think we have,—but we have not passed on any such question. The general motions to dismiss will be overruled, and unless special · reasons or facts are assigned and shown in any particular case, which convince us that it ought not to be done, leave will be granted to file such additional bond within 30 days from this day in all of the cases.

Swing, J., concurred.

Cox, J., dissented

Charles B. Wilby, William Disney and James H. Perkins, for motion to dismiss.

Judge D. Thew Wright, Judge Alfred Yaple and Carr & Dengler contra.

Jordan, Jordan & Williams, Long, Avery, and Kramer & Kramer, pro and con.

### DISSENTING OPINION.

Cox, J., dissenting.

To sustain the position taken we must declare this law of the legislature unconstitutional, a position which the majority of the court favors. The constitutional proviso creating this court provides that cases in the district court and transferred to this court, may proceed just as if no change in the court had taken place. But the legislature has passed a law, sec. 454$d$, R. S, page 171.

What was the object of this law ? It was first to do away with any supposed difficulty that would arise from the change of court, in questions that might be raised upon the liability of sureties on the bond, given to the district court, and to enable the parties to prosecute their cases in the circuit court upon certain reasonable terms which the legislature fixed.

Those reasonable terms were the giving of an additional bond conditioned on the judgment, order or decree of this court, within thirty days after February 9.

Now, if a party has given bond, the presumption is he may be able to give it again. There is no hardship in requiring him to give a new bond. The statute provides that on failure to give such bond on motion and notice, the circuit court may proceed as if no bond had been given.

Here is a provision in this statute requiring the party to give bond. It is obligatory on him if he desires to prosecute his appeal. Suppose he does not give a newbond ; what is the result? The law provides that· upon motion filed and notice given by the other party this court may proceed in such action or proceeding as if no bond, undertaking or recognization had ever been given.

Suppose the word "may" be intrepreted as discretionary, is there any other discretion given to the court than to the proceed as if no bond had been given ? It is admitted that the jurisdiction of this court in appeal depends upon the giving of an appeal bond. Unless a bond has been given the intended appeal must be dismissed. If a bond insufficient in form has been given, the court may permit the bond to be amended by giving another bond. But there must be a bond given. If there is no bond given there is nothing to amend. But this statute changes that, and says the party must give bond, and as a penalty the court ma

proceed to do certain things, just as if no bond were given. It seems to me, if this is not compulsory on the court and obligatory upon the appellant, it amounts to nothing at all. The appellant is required to give a new bond within a certain time; if he does not, the court cannot permit him to give a bond after the thirty days have expired. No discretion is given the court but to proceed as. if no bond had been given. How was it under the old law?

Sec. 5233 Rev. Stat., provides: "When the surety in an undertaking for the appeal has removed from the state, or for any cause is insufficient, or if the undertaking is insufficient in form or amount, the district court on motion may order a change or renewal of the undertaking to be given with security to be approved by court or the clerk thereof; and if the order of the court be complied with, the appeal shall not be dismissed, but the court shall hear and determine the cause in the same manner as if the order had not been made, or *otherwise the appeal shall be dismissed.*" Clearly, here the only duty which the court can perform on the bond not being given, is to dismiss the appeal.

It seems to me that is the only rule that can be applied here. The rule is absolute upon the party within the time to give the new bond, and if he does not, this court must proceed exactly as if no bond had been given originally.

I am of the opinion that these cases ought all be dismissed. Still the question is one of grave doubt, and I think that the court ought not to proceed to try any of the cases until there has been a decision made by the supreme court of this state, so that the practice may be uniform. Of course I should not prefer taking this course, if it could be avoided. I do not think I have any authority to permit the bond to be given after the expiration of thirty days, and when the party makes the motion, it ought to be dismissed after that time.

## PURCELL V. VILLAGE OF RIVERSIDE.

Brief of D. Thew Wright for Appellants.

The law in question is a remedial law and to be liberally construed. To ascertain its meaning we must learn what the evil was and how it was to be remedied.

Myers v. Parker, 6 O. S., 501, held that an appeal bond given after the old supreme court went out of existence, conditioned to pay a judgment rendered in that court, did not hold the sureties to pay a judgment in the district court, though it was the successor of supreme court. Appellant therefore lost his security. It would, therefore, seem that a bond conditioned to pay a judgment rendered in the district court, might not hold the sureties to the payment of a judgment in the circuit court. Therefore, one object of the law was to secure appellants, in payment of judgments rendered by the circuit court. This object is defeated, if the circuit court is compelled to dismiss the appeals.

The law says the circuit court "may" proceed as if no bond had ever been given, if no bond has been given within thirty days.

May is permissive and gives the court discretion. Sifford v. Beatty, 12 O. S., 189.

Doubtless the court under this discretion may dismiss appeals, it also *may* do something else.

It may allow bonds to be amended. Section 5233 Rev. Stat., as amended by law Feb. 7, 1885. 82 O. L. 32.

Hubble v. Ranick, 1 O. S., 171; Brench v. Dick, 14 O. S., 551, 2d syllabus; Irwin v. B'k of Bellefontaine, 6 O. S., 81; Johnson v. Johnson, 31 O. S., 131; Watts v. Shewell, 31 O. S., 331, 337; Negley v. Jeffers, 28 O. S. 90.

Under these authorities an appeal bond is a "proceeding" in an action, and may be amended or a new one given under sec. 5114 Rev. Stat., etc.

This is not a jurisdictional question.

The constitutional amendment gives the circuit court jurisdiction when it says, "all * * * cases shall be transferred to the circuit court and be pro-

ceeded in as though the district court had not been abolished." 80 O. L. 383, sec. 6.
By virtue of this amendment the circuit court has jurisdiction, and no law could
make the giving of a bond a jurisdictional question; for when the constitution
says the court shall have jurisdiction of all cases, the legislature cannot enact,
that the court shall only have jurisdiction of such as give bond.

Moreover, the court confessedly has jurisdiction by the law for thirty days
after February 9, 1885.

There therefore being no question of jurisdiction involved, the cases being in
the circuit court, with all their pleadings and proceedings, the bond may be
amended just as well as a petition or answer might be amended.

See Bode v. Welch, 29 O. S., 19–21, sec. 79 Rev. Stat.; O'Donell v. Dowling,
43 O. S., 62.

Even if this were a question of jurisdiction they have waived it by appearing
and filing motions.   Maholm v. Marshall, 29 O. S., 611; R. R. v. Mann, 26 O. S.,
185; Hansby v. Ins. Co., 37 O. S., 369.